## STATE OF LOUISIANA vs. KNIGHT.

No appeal lies on a *quo warranto* to a justice of the peace, to ascertain whether he has jurisdiction of a cause.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. There is nothing in the record of this case, as it came from the court below, that shews it to be one of which we have jurisdiction ; and the affidavit filed by the defendant, does not supply the defect.

Although the party, on whose suggestion these proceedings originated, applied for a writ of *quo warranto*, and the judge granted it, it is quite clear, that the case alleged in the petition was one in which *prohibition* was the proper remedy : And we observe, that the judgment rendered, is not that which follows a decision in favor of the relator in *quo warranto* ; but is strictly one of prohibition. It does not oust the defendant from office ; but merely enjoins him from trying a certain cause, then pending

before him. How any person was injured by this judgment, except the plaintiff, is not easily perceived. But how the magistrate supposed that he had an interest in the question disputed, to the amount of $ 300, we are totally at a loss to imagine.

In the affidavit filed by the appellant, for the purpose of giving jurisdiction to this court, he swears, that he verily believes he will sustain pecuniary damage by the judgment, to an amount, far exceeding $300. The most charitable construction, and therefore the most proper one that can be put on this declaration, is, that the deponent supposes, that by limiting his jurisdiction, it will affect his business, and prevent his administering as much justice as he otherwise would. Whether this be a civil injury, may be well left open for inquiry. Perhaps it may be found, that although magistrates have fees given them for duties which they discharge at the request of suitors, yet that they have not such an interest *in trying cases*, as will enable them to allege a restraint on their jurisdiction as a pecuniary injury, for which they may maintain an action. This point, however, is not necessary to be decided on now. It is sufficient for the disposal

East'n District.
Dec. 1823.

STATE
vs.
KNIGHT.

of the case now before us, that we are satisfied it is one we cannot take cognisance of  The matter litigated, and the amount actually decided in the judgment, is far below the sum at which our jurisdiction commences.  And it cannot be acquired on the considerations which seem to have governed the appellant, when he inferred from it an injury, " far above $ 300." For no matter how injurious the principle of law laid down, as the basis of the judgment may be to the interest of one of the parties, as calculated to bear on other cases that may yet arise, that does not enable us to re examine it. Nor can we do so, by reason of remote or indirect consequences, which may grow out of the decision.  Such things are not the " *matter in dispute*," in the language of the statute, but incidental to, or consequent on it.

The appeal is therefore dismissed, with costs.

*M'Caleb* for the plaintiff, *Segliers* for the defendant.